**Vardoui GRIGORIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.***

**No. 02–74317.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.**

Decided March 30, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paula N. Harris, Esq., Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, District Director, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, Donald E. Keener, Esq., Michelle E. Gorden, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM ***

Vardoui Grigorian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her motion to reopen. We have jurisdiction pursuant to former 8 U.S.C. § 1105a. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We grant the petition for review and remand for further proceedings.

Grigorian contends that her former counsel misled her into foregoing her asylum claim and assured her that she would not have to leave the United States if granted voluntary departure. Provided that Grigorian acted with due diligence in filing her motion to reopen, she could qualify for equitable tolling under these circumstances. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). The IJ in this case, however, rendered her decision to deny the motion to reopen based in part on a finding that Grigorian herself requested voluntary departure instead of asylum before "the [original IJ] gave time off the record for the attorney and the respondent to discuss the respondent's decision."

The BIA held that Grigorian's untimely motion to reopen was not excused by equitable tolling. The BIA gave no indication concerning which account of the deportation hearing it relied upon—Grigorian's or the IJ's—and we do not have a transcript of the hearing to review (although a tape recording exists according to Grigorian). As a result, we remand this case for the BIA to reconsider its conclusion that "[Grigorian] has not established that she is entitled to equitable tolling of the time limit for filing a motion to reopen."

In addition, we remand for the BIA to reconsider its holdings that Grigorian failed to establish either that her "former attorney's performance was so egregious as to deprive her of a full and fair hearing," or resulting prejudice. "On a motion to reopen, the BIA must indicate both individualized and cumulative consideration of all of the relevant evidence presented in support of the motion." *Ghadessi v. INS*, 797 F.2d 804, 807 (9th Cir.1986). In the present case, the BIA's unelaborated statements do not meet this standard.

The stay of deportation granted by the IJ "until determination of [Grigorian's] motion" shall remain effective.

**PETITION FOR REVIEW GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.